In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-453 CV


____________________



IN RE CHCA CONROE, L.P. d/b/a CONROE REGIONAL


MEDICAL CENTER, AND CONROE HOSPITAL CORPORATION







Original Proceeding






MEMORANDUM OPINION (1)


 This original mandamus proceeding arises out of a medical malpractice case filed
by Traci Jackson and Mike Jackson, acting individually and as next friend of Ryen D'Anne
Jackson ("the Jacksons"), against the relators, CHCA Conroe, L.P. d/b/a Conroe Regional
Medical Center and Conroe Hospital Corporation (collectively, "the hospital"), and two
doctors who provided medical services during the delivery and birth of the Jacksons' child. 
The Jacksons supplied an expert report on the standard of care for the doctors, but the
report did not discuss the standard of care of the hospital. The relators argue the trial
court must dismiss the claims asserted against them because the Jacksons failed to provide
an Article 4590i, Section 13.01, expert report addressing the health care liability claims
asserted against the relators. See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995
Tex. Gen. Laws 985, 986 (repealed 2003)(current version at Tex. Civ. Prac. & Rem.
Code Ann. § 74.351 (Vernon Supp. 2004)). The Jacksons argue that the claims asserted
against the relators are limited to vicarious liability for the negligence of the doctors, so
that the expert report on the doctors' standard of care satisfies Article 4590i. 

 In response to the motion to dismiss and in response to the petition for writ of
mandamus, the Jacksons have disclaimed any assertion of negligence on the part of the
hospital, or the violation of any standard of care by the hospital. Although the plaintiffs'
petition could be read more broadly were it not for an express abandonment of all other
theories of liability, the sole theory of liability applicable to the relators is a vicarious claim
for the medical malpractice of the doctors on the doctrine of ostensible agency. See Baptist
Mem'l Hosp. Sys. v. Sampson, 969 S.W.2d 945, 949 (Tex.1998). The facts necessary to
prove ostensible agency are that the hospital, by affirmatively holding out the physician
as its agent or employee, or knowingly permitting the physician to do so, caused the
plaintiff to reasonably believe the physician was an agent of the hospital, and that the
plaintiff justifiably relied on the appearance of agency. Id. Based upon estoppel, "the
purpose of the doctrine is to prevent injustice and protect those who have been misled." 
Id. at 948 n.2. The conduct by the hospital on which the agency relationship depends is
not measured by a medical standard of care. These are principles of agency law on which
no expert report is required. Because plaintiffs have abandoned all claims against the
relators except an ostensible agency claim on which a separate report is not required, we
deny the mandamus petition.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered November 23, 2004 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.